Houghton & Dutton Building Trust, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 34558, 41601, 45738, 49130. Promulgated August 25, 1930.

*J. Robert Sherrod, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

### OPINION.

Black: These four cases, by order of the Board, were consolidated for hearing and determination and all depend upon the same question of law, to wit, when petitioner purchased its own bonds on the open market for less than the issuing price and retired them in the taxable year, does the difference between issuing price and purchase price represent taxable gain to petitioner?

The deficiencies determined by the Commissioner are $4,843.13 for 1923, $8,100 for 1926, $8,232.98 for 1927, and $181.20 for 1928, but the full amounts, except for 1928, are not in controversy. The facts were stipulated and, briefly stated, are as follows:

Petitioner is a Massachusetts business trust, taxable as a corporation. In 1912 it acquired real estate and erected improvements thereon and in payment therefor issued and delivered to the vendor

$1,500,000 of its common stock, $500,000 of its preferred stock, and $2,000,000 of its mortgage bonds. The bonds were issued to and accepted by the vendor at face or par value and it is agreed that the fair market value of the consideration received by the petitioner which was allocable to said bonds was at least $2,000,000 and that the fair market value of said bonds when issued was at least equal to the face value thereof. The bonds were dated October 1, 1912, due October 1, 1932. The bonds were secured by a mortgage of equal amount executed to a trust company as trustee and bore 4½ per cent interest, and provided for a sinking fund payment of $25,000 annually to the trustee to be used for the purpose of retiring said bonds. Bonds were to be purchased in the open market, or by calling them for redemption by lot on a 4 per cent interest basis. Acting under these provisions of the mortgage, the trustee purchased with funds provided by petitioner in the sinking fund in 1923, $39,000 of bonds for $35,027.50; in 1926, $41,000 for $39,735.75; in 1927, $43,000 for $42,015; and in 1928, $45,000 for $43,490. The bonds so purchased were canceled.

During all times material hereto the petitioner employed the accrual method of accounting in keeping its books and records and making its Federal income-tax returns. Its outstanding mortgage bonds were carried in a liability ledger account at face value. It maintained a sinking fund ledger account, in the nature of a surplus reserve, which was credited from surplus with amounts required by the mortgage indenture to be paid into the sinking fund, and charged from cash with amounts paid for the redemption of bonds. The items of interest accrued to the dates of redemption did not pass through the sinking fund account, but were charged to a bond interest expense account. At the end of each year the bond interest expense account was charged with interest accrued to December 31 on the bonds then outstanding. Petitioner also maintained a ledger account, in the nature of an income or expense account, designated, " Profit & Loss on Bond Redemptions," which was credited or debited each year with the difference between the face value and the price paid to redeem bonds in that year. In making up the profit and loss entries each year the gain on bond redemptions as reflected in this account was carried through the journal into the surplus account in the same manner as other income and expense accounts. Petitioner maintained no intervening annual profit and loss account, its surplus account being variously designated on its records as deficit, surplus, or profit and loss.

In the Commissioner's final determinations for the years involved there were included in petitioner's taxable net income the following

amounts, representing profits on bonds redeemed in said years, namely:

| | |
|---|---|
| 1923 | $3,972.50 |
| 1926 | 1,246.25 |
| 1927 | 985.00 |
| 1928 | 1,510.00 |

Respondent urges that because of the manner in which petitioner treated these transactions on its books, the amounts should be held to be taxable income.

We have considered this question of alleged gain on bond redemptions in a number of cases and have held, following *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170, that the difference between the issuing price of bonds and the price at which they are later purchased for redemption is not taxable gain. *Meyer Jewelry Co.*, 3 B. T. A. 1319; *Independent Brewing Co.*, 4 B. T. A. 870; *New Orleans, Texas & Mexico Railway Co.*, 6 B. T. A. 436; *Houston Belt & Terminal Railway Co.*, 6 B. T. A. 1364; *Indianapolis Street Railway Co.*, 7 B. T. A. 397; *National Sugar Mfg. Co.*, 7 B. T. A. 577; *Petaluma & Santa Rosa Railway Co.*, 11 B. T. A. 541; *General Manifold & Printing Co.*, 12 B. T. A. 436; *Douglas County Light & Water Co.*, 14 B. T. A. 1052; *American Seating Co.*, 14 B. T. A. 328; *Eastern Steamship Lines, Inc.*, 17 B. T. A. 787; *Kirby Lumber Co.*, 19 B. T. A. 1046.

Following these authorities, we hold that the respondent erred in determining that petitioner realized a taxable gain in the purchase and retirement of the bonds involved in these proceedings, and on that point decision is for the petitioner.

*Judgment will be entered under Rule 50.*